**[ FILED ]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

FEB 0 8 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| ANDRE & THERESA WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  00-D-1077-N |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION; G. M. | ) | |
| ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### A.  JURISDICTION and VENUE

1.     This Court has subject matter jurisdiction over the claims set forth in this Complaint by virtue of Section 7002 of the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. §§ 6972(a)(1)(A) and (B), and 28 U.S.C. § 1331.

2.     Venue is appropriate in the Middle District of the State of Alabama pursuant to Section 7002 of the SWDA, 42 U.S.C. § 6972 because the acts, omissions, violations and/or endangerment complained of occurred within the Middle District.

### B.  NOTICE

3.     Pursuant to Section 7002 of the SWDA, 42 U.S.C. §§ 6972(b)(1)(A) and (b)(2)(A), suit "may be brought immediately after such [required] notification in the case of an action under this section respecting a violation of subchapter III of this Chapter." Said subchapter III involves the regulation of hazardous waste and is known as the Resource Conservation and Recovery Act ("RCRA").

1

34

4.      As is specifically alleged hereinafter, Defendant G.M. Roberts ("Roberts") is committing on-going violations of RCRA (subchapter III of the SWDA) and, through his actions, has contributed or is contributing to the past or present handling, storage, treatment, transportation or disposal of a hazardous waste which presents an imminent and substantial endangerment to health and/or the environment. Consequently, this suit may be properly filed immediately upon notice to the Defendants.

5.      Plaintiffs served the Defendant with notice of the contamination and violations and their intent to sue on July 13, 2000. On the same day, a copy of the notice was mailed to the Administrator of the Environmental Protection Agency ("EPA"), the Regional Administrator of Region IV of the EPA and the Director of the Alabama Department of Environmental Management ("ADEM"), as required by 42 U.S.C. § 6972(c). Service of the notice was by certified mail item numbers Z 361 649 171; Z 361 649 172; Z 361 649 173 and Z 361 649 174.

6.      Notice of Plaintiffs' Motion to Amend, including a copy of Plaintiffs' Amended Complaint, was served on the Defendant, the Administrator of the Environmental Protection Agency ("EPA"), the Regional Administrator of Region IV of the EPA and the Director of the Alabama Department of Environmental Management ("ADEM") on this date by certified mail

7.      Since notice was served, the violations complained of herein have not ceased, and neither the EPA nor ADEM have commenced or diligently prosecuted a court action to redress these violations.

## C. PARTIES

8.      Plaintiffs, Andre Williams and Theresa Williams, are natural persons who reside in Montgomery County, Alabama. Mr. and Mrs. Williams reside at and own residential, real

property in the Vista View subdivision in Montgomery, Alabama, and intend to continue to do so in the future.

9.    Defendant Roberts is a natural person employed by the State of Alabama as the Director of the Alabama Department of Transportation (the "DOT"). As such, he is responsible for ensuring that the DOT complies with all applicable state and federal statutes, regulations and standards.

10.    Defendant Roberts is a "person" as defined by the SWDA and the Alabama Hazardous Waste Management and Minimization Act (AHWMMA), § 22-30-1 et seq., Code of Alabama 1975. Defendant is subject to regulation by each of said Acts due to on-going violations of those Acts at the facilities described and/or listed herein.

### D.    FACTS

11.    The Alabama Department of Transportation is an agency of the State of Alabama created by act of the State Legislature. The DOT is headquartered in Montgomery County, Alabama. The DOT owns and operates maintenance shops, garages, motor pools, research and testing facilities, materials and/or supply yards and other like facilities at its Coliseum Boulevard, Chisolm Street and Fairground Road locations.

12.    For many years in the past, and to the present, DOT has engaged in various activities at its Coliseum Boulevard, Chisolm Street, and Fair Ground Road Facilities which have resulted in the disposal or release to groundwater of waste regulated and defined by both federal and state laws as hazardous wastes.

13.    The DOT (or its predecessor agency) has used, stored, and disposed of trichloroethylene and/or trichloroethylene (TCE) at its Coliseum Boulevard, Chisolm Street, and

3

Fairground Road Facilities since at least the early 1970's. The use, storage, handling, management, and disposal of TCE by the DOT has been pursuant to the authority of the Director of the DOT.

14.     TCE has been used extensively by the DOT (or its predecessor agency) as a degreaser, cleaning agent and/or solvent. TCE has also been used for various other purposes including asphalt testing procedures.

15.     The practices and procedures employed by the DOT, its Director, officers, agents, and employees resulted in the onsite discharge and disposal of spent TCE such that said waste (spent TCE) has contaminated groundwater, soils and surface waters in the area.

16.     Over a period of several years, the TCE discharges from or disposed at DOT's various Coliseum Boulevard, Chisolm Street and Fairground Road Locations has contaminated a plume of groundwater beneath the Eastern Meadows, Vista View and Chisolm subdivisions, which are located in the Coliseum Boulevard area.

17.     The concentration of (TCE) in the groundwater beneath and surrounding the Eastern Meadows, Vista View and Chisolm subdivisions exceeds the regularity allowed level by either hundreds and/or thousands of times.

18.     Said plume of contaminated groundwater is continuing to migrate over a broader area and is now discharging to surface water which is immediately adjacent to those residential communities. This contaminated surface water is a water body which is and/or has been frequented by some members of those communities, many of which are children.

19.     The soils in the area of the plume have also been contaminated by the TCE discharged and/or disposed of by the DOT.

4

20.     The TCE disposed of by DOT under the supervision of the Director of DOT remains in the groundwater, surface waters and soils beneath, surrounding and adjacent to the Eastern Meadows, Vista View and Chisolm subdivisions.

21.     The disposal of TCE by DOT has caused harm and/or poses an imminent and substantial threat to the environment (i.e., to the wetlands, surface waters, groundwater, soil and wildlife in and around the Eastern Meadows, Vista View and Chisolm subdivisions).

22.     The harm and the endangerment caused by the TCE disposed of by DOT under the supervision of the Director of DOT is ongoing and continuing and increasing.

## COUNT I

23.     Plaintiffs hereby reallege and adopt by reference paragraphs 1 through 22 herein above as if fully set out in this Count.

24.     Spent TCE or waste TCE is defined as and regulated as a hazardous waste by both RCRA and the AHWMMA.

25.     As a result of the activities described herein above, portions of or all of the DOT Coliseum Boulevard, Chisolm Street and Fairground Road Locations and portions of or all of the Vista View, Eastern Meadows and Chisolm subdivisions are a facility as that term is defined by ADEM Administrative Code Rule 335-14-1-.02(1).

26.     Defendant and DOT disposed of TCE (as described herein) from the early 1970's to the present without a permit in violation of 42 U.S.C. § 6925(a) (RCRA) and § 22-30-12(b), Code of Alabama 1975 (AHWMMA).

27.     Defendant has failed and continues to fail to conduct a groundwater monitoring program including, but not limited to, a detection monitoring program and compliance

monitoring program as required by ADEM Administrative Code Rule 335-14-5-.06.

28.    Defendant has failed and continues to fail to comply with closure and post closure requirements found in ADEM Administrative Code Rule 335-14-5-.07, including the failure to prepare and maintain a closure plan.

29.    Defendant has failed and continues to fail to maintain financial assurances as required by ADEM Administrative Code Rule 335-14-5-.08.

30.    Defendant has failed and continues to fail to implement a corrective action program as required by ADEM Administrative Code Rule 335-14-5-.06 (11) and (12).

31.    Defendant has failed and continues to fail to comply with the design, operating and monitoring requirements for landfills and/or waste piles and/or miscellaneous units as required by ADEM Administrative Code Rule 335-14-5-.12 and/or 335-14-5-.14 and/or 335-14-5-.24.

32.    Defendant has failed and continues to fail to apply for and obtain a post closure permit as required by § 22-30-12, Code of Alabama 1975 and ADEM Administrative Code Rule 335-14-8-.01(1)(c) and 335-14-8-.02.

33.    These violations are ongoing and continuing.

34.    The TCE disposal of by DOT has adversely affected Mr. and Mrs. Williams' interest in their residential real estate in the Vista View subdivision. Said disposal has also adversely impacted the Williams' environmental, recreational, and aesthetic interests in their real property in the Vista View subdivisions and their same said interests in the Vista View subdivisions. Said TCE has also adversely affected said residential real property and/or the groundwater and soils beneath, surrounding, on, or adjacent to the Williams' real property.

6

## COUNT II

35.    Plaintiffs hereby reallege and adopt by reference paragraphs 1 through 34 herein above as if fully set out in this Count.

36.    Spent TCE or waste TCE is defined as and regulated as a hazardous waste by both RCRA and the AHWMMA.  TCE is a toxic substance which is recognized to be harmful to humans and animals in small quantities.  TCE is considered toxic at 0.5 mg/l.

37.    The disposal of TCE by Defendant and DOT poses an imminent and substantial endangerment to health and/or the environment in the area.

38.    Said plume of contaminated groundwater is continuing to migrate over a broader area and is now discharging to surface water which is immediately adjacent to those residential communities.  This contaminated surface water is a water body which is and/or has been frequented by some members of those communities, many of which are children.  This surface contamination is a direct pathway by which people and animals have been or may become exposed to the TCE contamination.

39.    The soils in the area of the plume have also been contaminated by the TCE discharged and/or disposed of by the DOT.

40.    The plume of contamination now poses an imminent threat to the wetlands immediately adjacent to the Vista View subdivision, the nearest drinking water well, and to the onsight water supply at the Montgomery City Zoo.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray and petition the Court for the following relief:

A.    Injunctive relief permanently enjoining Defendant from disposing of

hazardous wastes without a permit as required by 42 U.S.C. § 6925 (a) and § 22-30-12 (b), Code of Alabama 1975, from operating a hazardous waste facility without a permit;

        B.     Injunctive relief requiring Defendant to comply with all the regulatory requirements cited and/or described in Count I;

        C.     Injunctive relief requiring Defendant to remediate the contaminated surface waters, groundwater and soils beneath, in, around, surrounding, and adjacent to the Eastern Meadows, Vista View and Chisolm subdivisions such that the hazardous TCE waste is removed from the surface waters, groundwater and soils in the Eastern Meadows, Vista View and Chisolm subdivisions and all surrounding areas impacted by the discharges of TCE by DOT;

        D.     Injunctive relief requiring the immediate control or elimination of all pathways of exposure;

        E.     A judgement for all costs and that they be awarded attorney fees as are reasonable under the circumstances; and

        F.     Such other and further relief as this Court deems appropriate.

G. Keith Clark (CLA036)
CLARK & NELMS
321 N. Hull Street
Montgomery, Alabama  36104

Lloyd W. Gathings, II (GAT001)
Mark Kennedy (KEN015)
Misha Y. Mullins (MUL022)
Patrick Patronas (PAT042)
Attorneys for Plaintiffs

OF COUNSEL:

Gathings, Kennedy & Associates
2 North Jackson Street
Montgomery, Alabama  36104
(334) 263-9899
(334) 263-9866-FAX